```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------- x
DIANE PASCARELLI, EXECUTRIX OF   :
THE ESTATE OF ROBERT F. NAGLE,   :
                                 :
          Plaintiff,             :
                                 :
v.                               :  Civil No. 3:14-CV-1123(AWT)
                                 :
LINDA SCHWARTZ, MICHAEL CLARK,   :
ELIZABETH SYSKA, LINDA C.        :
TURGEON and HARVEY GEMME,        :
                                 :
          Defendants.            :
-------------------------------- x
```

## RULING ON MOTION TO DISMISS

    Plaintiff Diane Pascarelli, as Executrix of the estate of Robert F. Nagle, brings claims pursuant to 28 U.S.C. § 1983 against defendants Linda Schwartz, Michael Clark, Elizabeth Syska, Linda C. Turgeon and Harvey Gemme.  The Complaint alleges violations of the decedent's substantive and procedural due process rights in violation of the Fourteenth Amendment of the United States Constitution, and in addition, includes a claim under Conn. Gen. Stat. § 52-564 seeking treble damages for theft.  The plaintiff's substantive due process claim was previously dismissed.  The defendants move to dismiss the remaining claims for lack of subject matter jurisdiction.  For the reasons set forth below, the defendants' motion to dismiss is being granted as to the procedural due process claim and the

court declines to exercise supplemental jurisdiction over the claim pursuant to Conn. Gen. Stat. § 52-564.

I.     **FACTUAL ALLEGATIONS**

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997). The plaintiff is a resident of New Britain, Connecticut who was appointed as the Executrix of the Estate of her father, Robert F. Nagle; Nagle died on September 12, 2012. See Compl. (Doc. No. 1) at ¶ 3. When "Robert Nagle entered the Veterans' Home at Rocky Hill, Connecticut, on March 13, 2012[,] . . . . he had substantial savings, in excess of fifty thousand dollars cash, in the bank and owned a mobile home." Compl. at ¶ 7. The defendants were at all relevant times employed by the Connecticut Department of Veterans' Affairs -- defendant Schwartz as the Commissioner; defendant Clark as the Fiscal Administrative Manager; defendant Turgeon as the Fiscal Administrative Officer; and defendant Gemme as a social worker.

The plaintiff alleges that "the defendants induced Mr. Nagle to execute a Statutory Short Form Durable Power of Attorney granting the defendant Schwartz his power of attorney to act for him with respect to all real estate transactions, chattel and goods transactions, bond, share and commodity

transactions, insurance transactions, estate transactions, claims and litigations and benefits from military service." Compl. at ¶ 11.  The plaintiff further alleges that "the defendants opened two bank accounts" in Nagle's name and "authorized the defendant Turgeon and the defendant Syska the sole power to issue checks on the accounts," Compl. at ¶ 12, and that the defendants negotiated the sale of Nagle's mobile home and deposited two checks as proceeds from the sale into those bank accounts, which the defendants alone controlled.  The plaintiff further alleges that the defendants withdrew all the funds from Nagle's preexisting accounts, thereby closing them, reduced the balance in the new accounts to zero, and made no payments on Nagle's Anthem Blue Cross/Blue Shield insurance policy, causing it to lapse.  The plaintiff alleges that by taking these actions "the defendants intentionally, wilfully and maliciously deprived the plaintiff's decedent of all his money and other property without procedural . . . due process of law." Compl. at ¶ 18.

## II. LEGAL STANDARD

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn.

1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  When deciding a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, the court is "not to draw inferences from the complaint favorable to the plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

"Federal courts lack subject-matter jurisdiction when an asserted federal claim is '"so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise

-4-

completely devoid of merit as not to involve a federal controversy."'"  Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 628 n.3 (2009) (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974))).  "[C]laims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial" for jurisdictional purposes.  Hagins v. Lavine, 415 U.S. 528, 537-38 (1974).

**III. DISCUSSION**

The defendants argue that the court lacks subject matter jurisdiction over the plaintiff's § 1983 procedural due process claim because it is "foreclosed by decisions of the United States Supreme Court as to be so patently without merit as not to involve a federal controversy."  Defs.' Motion to Dismiss (Doc. No. 55) at 1.  It is well established, pursuant to Parratt v. Taylor, 451 U.S. 527 (1981) and Hudson v. Palmer, 468 U.S. 517 (1984), that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson, 468 U.S. at 533.  Connecticut

law provides a meaningful postdeprivation remedy in the form of a common law cause of action for conversion and Conn. Gen. Stat. § 52-564 (treble damages for theft).

As discussed in Parratt, "three prerequisites of a valid due process claim" include: (1) "the [defendants] acted under color of state law"; (2) the interest at issue "falls within the definition of property; and (3) the alleged loss . . . amounted to a deprivation." Parratt, 451 U.S. at 536-37.  Here, as in Parratt, the claim "[u]nquestionably" satisfies these three prerequisites.  See id.  The defendants "were state employees in positions of considerable authority," and thus were acting under color of state law; the funds allegedly improperly taken or spent are covered by the definition of property; and the alleged loss amounted to a deprivation.  See id.  "Standing alone, however, these three elements do not establish a violation of the Fourteenth Amendment. . . . The Fourteenth Amendment protects only against deprivations 'without due process of law.'"  Id. at 537 (quoting Baker v. McCollan, 443 U.S. 137, 145 (1979)).

A deprivation is not without due process of law where the state provides a postdeprivation remedy that satisfies the requirements of procedural due process.  As stated by the Supreme Court:

> The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.'  However, as many . . . cases recognize, we have rejected the proposition that 'at a meaningful time and in a meaningful manner' *always* requires the State to provide a hearing prior to the initial deprivation of property.  This rejection is based in part on the impracticability in some cases of providing any preseizure hearing under a state-authorized procedure, and the assumption that at some time a full and meaningful hearing will be available.

Parratt, 451 U.S. at 540-41.

The Court went on to explain that the "justifications which we have found sufficient to uphold takings of property without any predeprivation process are applicable to a situation such as the present one involving a tortious loss of . . . property as a result of a random and unauthorized act by a state employee." Id.  Because the act is not authorized by state policy or procedure, "the State cannot predict precisely when the loss will occur," which makes providing a predeprivation hearing impossible.  Thus, Parratt established that the unauthorized, negligent acts of individuals acting under color of law do not violate the Fourteenth Amendment so long as the state provides adequate postdeprivation remedies.

In Hudson, the Court extended this reasoning to deprivations arising from the unauthorized, intentional actions of individuals acting under color of law. "If negligent deprivations of property do not violate the Due Process Clause

-7-

because predeprivation process is impracticable, it follows that intentional deprivations do not violate that Clause provided, of course, that adequate state post-deprivation remedies are available." 468 U.S. at 533. The Complaint makes clear that the plaintiff's claim is that "the defendants intentionally, wilfully and maliciously deprived the plaintiff's decedent of all his money and other property," Compl. at ¶ 18, so Hudson is directly on point.

The key question here is whether the state law remedies available to the plaintiff are adequate postdeprivation remedies. The defendants argue that "Connecticut law provides meaningful post-deprivation procedures for remedying the loss of property caused by another person's unlawful conduct through state court causes of action." Defs.' Memo. at 9. They note that, "[i]ndeed, by including in her complaint a statutory theft claim under Conn. Gen. Stat. § 52-564, the plaintiff acknowledges one such cause of action." Id.

In Parratt, concluding that "the respondent ha[d] not alleged a violation of the Due Process Clause of the Fourteenth Amendment," 451 U.S. at 543, the Court reasoned as follows:

> [T]he State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. See Neb.Rev.Stat § 81-8,209 *et seq.* (1976). Through this tort claims procedure the

> State hears and pays claims of prisoners housed in its penal institutions.

Id. Similarly, in Hudson, where it had been determined that "several common-law remedies available to respondent would provide adequate compensation for his property loss," the Court concluded that "the State ha[d] provided an adequate postdeprivation remedy for the alleged destruction of property." 468 U.S. at 536.

The plaintiff alleges that the defendants intentionally deprived Nagle of his property. State officers and employees are personally liable for intentional torts. See Conn. Gen. Stat. § 4-165. Thus the plaintiff's state law claims would not be barred by sovereign immunity. See Miller v. Egan, 265 Conn. 301, 319 (2003) ("State employees do not, however, have statutory immunity for wanton, reckless or malicious actions, or for actions not performed within the scope of their employment. For those actions, they may be held personally liable, and a plaintiff who has been injured by such actions is free to bring an action against the individual employee.").

Conn. Gen. Stat. § 52-564, which provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages," provides redress for the tortious conduct the plaintiff alleges. In addition, Connecticut law provides a

common law cause of action for conversion where a defendant engages in an "unauthorized assumption and exercise of the right of ownership over property belonging to another, to the exclusion of the owner's rights."  Mystic Color Lab, Inc. v. Auctions Worldwide, LLC, 284 Conn. 408, 418 (2007).  Conversion is an intentional tort.  See Luciani v. Stop & Shop Companies, Inc., 15 Conn. App. 407, 411 (1988).  Thus, the plaintiff also has a sufficient postdeprivation remedy for the loss of this property under Connecticut common law.  See Cais v. Town of East Haddam, No. 3:09-cv-1511 (AWT), 2011 WL 2838170, at *5 (D. Conn. July 14, 2011) (Connecticut law provided plaintiff with postdeprivation common law cause of action for conversion), aff'd, 537 Fed. Appx. 2 (2d Cir. 2013).

A postdeprivation remedy is adequate when "[t]he State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State."  Parratt, 451 U.S. at 543.  "Although the state remedies may not provide the [plaintiff] with all the relief which may have been available if [s]he could have proceeded under 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process."  Id. at 544.  Here, Connecticut's statutory cause of action for theft and common law cause of action for conversion each "could have fully compensated the [plaintiff] for the property loss [that was] suffered."  See id.  Thus,

Connecticut law provides an adequate postdeprivation remedy, and there is no procedural due process violation.  Therefore, the plaintiff's § 1983 claim is entirely foreclosed by established precedent, and consequently, "completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court."  Oneida Indian Nation of N.Y. State v. Oneida Cty., N.Y., 414 U.S. 661, 666 (1974).  Accordingly, the court does not have jurisdiction over this claim.

In addition, because the federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claim pursuant to Conn. Gen. Stat. § 52-564.  See 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over supplemental state law claims); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).

**IV.  CONCLUSION**

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. No. 55) is hereby GRANTED as to the procedural due process claim and the court declines to exercise supplemental jurisdiction over the state law claim pursuant to Conn. Gen. Stat. § 52-564.

The Clerk shall close this case.

-12-

It is so ordered.

Signed this 17th day of February, 2017, at Hartford, Connecticut.

```
              _____
              Alvin W. Thompson
              United States District Judge
```